### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

ALYSSA DOWLING                                              **PLAINTIFF**

VS.                             **CIVIL ACTION NO.: 3:26-cv-126-DMB-JMV**

ERIC KOMITEE                                          **DEFENDANT**

### ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND RECOMMENDING DISMISSAL

This matter is before the court on a motion to proceed in forma pauperis [Doc. 2] filed by Alyssa Dowling. After due consideration, the Court finds that the motion to proceed in forma pauperis is well taken and is **GRANTED.** However, service of the same is withheld as the Court, *sua sponte*, reviews this *pro se* pauper status complaint for consideration of recommendation of dismissal for failure to state a claim on which relief can be granted and frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B). In addition, the complaint lacks any facts to support federal jurisdiction.

28 U.S.C. § 1915(e)(2)(B) imposes a screening responsibility on the district court when the plaintiff has been granted pauper status. That section provides, in relevant part, as follows:… the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's complaint is a single page in length. In its entirety it reads:

> Plaintiff: Alyssa Dowling
> Defendant: Eric Komitee
> Claim: Defendant displayed discrimination
> Fact: Eric Komitee failed to show due respect.
> Prayer for Relief: WHEREFORE, plaintiff requests the Court to grant relief that is just and proper. Plaintiff requests a chance to amend the Complaint before the dismissal.
> I declare under penalty of perjury that the foregoing is true and correct.

[Doc. 1].[1]

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A cause of action fails to state a "claim upon which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.,* 201 F. App'x 988, 990 (5th Cir. 2006). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A court must dismiss a complaint as frivolous where it is based on an indisputably meritless

---

[1] On a brief, but non exhaustive, review of other court dockets, Plaintiff has simultaneously filed an identical complaint in at least 38 other district courts across the United States. *See Dowling v. Komitee*, No. 2:26-cv-00403 (M.D. Ala. May 21, 2026), *Dowling v. Komitee*, No. 6:26-cv-02062 (D.S.C. May 22, 2026), *Dowling v. Komitee*, No. 2:26-cv-00357 (S.D.W. Va. May 21, 2026), *Dowling v. Komitee*, No. 3:26-cv-00395 (W.D.N.C May 20, 2026), *Dowling v. Komitee*, No. 2:26-cv-00116 (E.D. Tenn. May 20, 2026), Alyssa Dowling v. Eric Komitee, No. 2:26-cv-05463 (C.D. Cal. May 19, 2026), *Dowling v. Komitee*, No. 1:26-cv-01055 (S.D. Ind. May 19, 2026), *Dowling v. Komitee*, No. 2:26-cv-01859 (E.D. Cal. May 19, 2026), *Dowling v. Komitee*, No. 2:26-cv-00502 (E.D. Va. May 19, 2026), *Dowling v. Komitee*, No. 1:26-cv-01642 (W.D. Mich. May 19, 2026), *Dowling v. Komitee*, No. 1:26-cv-00118 (N.D. Fla. May 19, 2026), *Dowling v. Komitee*, No. 3:26-cv-00197 (D. Alaska May 19, 2026), *Dowling v. Komitee*, No. 4:26-cv-00037 (W.D. Tex. May 19, 2026), *Dowling v. Komitee*, No. 1:26-cv-12281 (D. Mass. May 19, 2026), *Dowling v. Komitee*, No. 1:26-cv-23544 (S.D. Fla. May 19, 2026), *Dowling v. Komitee*, No. 5:26-cv-00196 (M.D. Ga. May 19, 2026), *Dowling v. Komitee*, No. 3:26-cv-00669 (M.D. Tenn. May 19, 2026), *Dowling v. Komitee*, No. 4:26-cv-00292 (N.D. Okla. May 19, 2026), *Dowling v. Komitee*, No. 8:26-cv-00232 (D. Neb. May 19, 2026), *Dowling v. Komitee*, No. 1:26-cv-00165 (D.N.D. May 19, 2026), *Dowling v. Komitee*, No. 2:26-cv-01765 (W.D. Wash. May 18, 2026), *Dowling v. Komitee*, No. 4:26-cv-00805 (E.D. Mo. May 18, 2026), *Dowling v. Komitee*, No. 8:26-cv-01492 (M.D. Fla. May 18, 2026), *Dowling v. Komitee*, No. 1:26-cv-02197 (D. Colo. May 18, 2026), *Dowling v. Komitee*, No. 1:26-cv-02803 (N.D. Ga. May 18, 2026), *Dowling v. Komitee*, No. 1:26-cv-00459 (M.D.N.C. May 18, 2026), *Dowling v. Komitee*, No. 8:26- cv-01961 (D. Md. May 18, 2026), *Dowling v. Komitee*, No. 5:26-cv-01128 (W.D. Okla. May 18, 2026), *Dowling v. Komitee*, No. 1:26-cv-01202 (C.D. Ill. May 18, 2026), *Dowling v. Komitee*, No. 1:26-cv-00314 (D.R.I. May 18, 2026), *Dowling v. Komitee*, No. 1:26-cv-00391 (D.N.H. May 18, 2026), *Dowling v. Komitee*, No. 4:26-cv-00506 (E.D. Ark. May 18, 2026), *Dowling v. Komitee*, No. 2:26-cv-00218 (E.D. Wash. May 18, 2026), *Dowling v. Komitee*, No. 1:26-cv-01587 (D.N.M. May 18, 2026), *Dowling v. Komitee*, No. 3:26-cv-00463 (W.D. Wis. May 18, 2026), *Dowling v. Komitee*, No. 3:26-cv-00365 (D. Nev. May 18, 2026), *Dowling v. Komitee*, No. 1:26-cv-00089 (W.D. Ky. May 18, 2026), *Dowling v. Komitee*, No. 1:26-cv-00191 (E.D. Tex. May 18, 2026).

legal theory or where the factual contentions are clearly baseless. *See Nietzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e).

In this case, without *any* coherent factual allegations, it is impossible to determine that Plaintiff's claim is, *at best*, anything other than frivolous. Plaintiff has filed identical complaints in at least 38 other district courts across the nation. This duplicative filing of complaints across multiple districts indicates a pattern of vexatious litigation that wastes judicial resources and can result in sanctions to the filer. *See Emrit v. Bd. of Immigr. Appeals*, No. 2:22-CV-00110, 2022 WL 4287659, at *1 (S.D.W. Va. Mar. 31, 2022), report and recommendation adopted, No. 2:22-CV-00110, 2022 WL 3594518 (S.D.W. Va. Aug. 23, 2022).

Based on the foregoing, this Court recommends that Plaintiff's complaint be DISMISSED for failure to state a claim and frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B), and for a lack of any facts to support federal jurisdiction.

Procedure for Objections

The *pro se* Plaintiff is referred to L.U. Civ. R. 72(a)(3) for the applicable procedure in the event she desires to file objections to the findings and recommendations herein contained. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within (14) fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Respectfully submitted, this the 1st day of June, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**