IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ALYSSA DOWLING                                                              PLAINTIFF

V.                                                              NO. 3:26-CV-126-DMB-JMV

ERIC KOMITEE                                                                 DEFENDANT

**ORDER**

On May 20, 2026, Alyssa Dowling filed a pro se complaint against Eric Komitee in the United States District Court for the Northern District of Mississippi, along with a motion to proceed in forma pauperis. Docs. #1, #2. That day, the Clerk of the Court mailed to Dowling at her address of record a notice advising her of the district judge and the magistrate judge assigned to her case, along with certain instructions, including that "[i]f [her] contact information changes, [to] contact the Clerk's Office in writing immediately." Doc. #3 at PageID 6.

On June 1, United States Magistrate Judge Jane M. Virden granted Dowling's motion to proceed in forma pauperis and in the same order issued a report ("R&R) recommending that Dowling's complaint be dismissed, warning that "[a] party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's [R&R] within (14) fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object." Doc. #4 at PageID 12. The same day, the Clerk of the Court mailed a copy of the R&R to Dowling at her address of record. Three days later, the correspondence mailed to Dowling on June 1 at her address of record was returned as undeliverable. Doc. #5. On June 16, the copy of the R&R mailed to Dowling at her address of

record was returned as undeliverable.  Doc. #6.

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made."  "[P]lain error review applies where, as here, 'a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court' despite being 'served with notice of the consequences of failing to object.'"  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015) (quoting *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n.2 (5th Cir. 2013)).  "[W]here there is no objection, the Court need only determine whether the [R&R] is clearly erroneous or contrary to law."  *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

To date, no objection to the R&R has been filed and the deadline for objections has expired. However, Dowling apparently did not receive the copy of the R&R sent to her by mail at her record address since it was returned as undeliverable.  But because it is Dowling's responsibility to notify the Court of any changes to her address and has not done so, this Court is without information to provide Dowling with notice of any events in this case.  Consequently, the Court is left to presume that Dowling no longer desires to proceed with the prosecution of her claims and, pursuant to Federal Rule of Civil Procedure 41(b), this case is **DISMISSED without prejudice**.[1]

**SO ORDERED**, this 7th day of July, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] If Dowling provides her correct address to the Court within fourteen days of this order, the Court will vacate this order and reopen the case to allow Dowling the opportunity to object to the R&R.  But in deciding to dismiss this case without prejudice, the Court also considered the R&R's observations that "[Dowling] has simultaneously filed an identical complaint [against the same defendant] in at least 38 other district courts across the United States;" "[t]his duplicative filing of complaints across multiple districts indicates a pattern of vexatious litigation that wastes judicial resources and can result in sanctions to [Dowling];" and "without any coherent factual allegations [in her complaint], it is impossible to determine that [Dowling's] claim is, at best, anything other than frivolous." Doc. #4 at PageID 11 n.1, 12 (emphases omitted).  Alternatively then, this case is dismissed without prejudice for failure to state a claim for the reasons articulated in the R&R.